UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMEKA RANDOLPH,

      Plaintiff,                         Case No. 20-12146

vs.                                        HON. MARK A. GOLDSMITH

CONGRESS COLLECTION LLC,
et al.,

      Defendants.
_____/

**OPINION & ORDER
GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff Tomeka Randolph has filed a putative class action complaint pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's claims arise from a debt collection notice that allegedly contained false and deceptive information. Defendant Congress Collection, LLC ("Congress Collection") has moved to dismiss Randolph's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Randolph has failed to allege any injuries sufficient to confer Article III standing (Dkt. 9).

Standing has three elements. The plaintiff must have (1) suffered an injury, (2) that is fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by a favorable judicial decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–561 (1992). The plaintiff carries the burden of establishing these three elements. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element [of standing]." Id. at 1547 (2016) (citing Warth v. Seldin, 422 U.S. 490, 518 (1975)) (internal quotation marks and ellipses omitted).

1

In her response to the motion to dismiss, Randolph argues that, as a result of receiving the debt collection letter, she suffered: (i) an "informational injury"; (ii) an "emotional injury," i.e., fear and anxiety; (iii) the injury of having "to reprioritize her debts in a harmful way such that she would have paid off even a non-interest-bearing debt first, such as this one, to her detriment"; and (iv) attorney costs and fees. Pl. Resp. at 3, 7-8 (Dkt. 12). Although Randolph sets forth facts to demonstrate each of these purported injuries in her response brief, Randolph failed to allege such facts in her complaint, as required by Supreme Court precedent. Further, "it is well-established that a pleading may not be amended in a response brief." Jocham v. Tuscola Co., 239 F. Supp. 2d 714, 732 (E.D. Mich. 2003). As a result, the Court is unable to assess the merits of Randolph's standing arguments at this time.

The Court thus considers whether it is appropriate to grant Randolph leave to amend her complaint to add factual allegations establishing standing. Once a responsive pleading has been served, Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend her complaint with the Court's leave and directs the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, the Court may treat new allegations in a response brief as an implicit motion for leave to amend the complaint. See, e.g., JAT, Inc. v. National City Bank of Midwest, 460 F. Supp. 2d 812, 818 (E.D. Mich. 2006). The injury allegations Randolph makes for the first time in her response to Congress Collection's motion to dismiss merely provide additional support to Randolph's initial pleading and would not add new causes of action against Congress Collection. As a result, it is appropriate to allow an implicit motion for leave to amend at this stage. See id.

The Court grants Randolph leave to amend her complaint to set forth facts that specifically establish standing. Randolph must file her amended complaint by February 12, 2021. If Randolph timely files an amended complaint, the pending motion to dismiss (Dkt. 9) will be dismissed

without prejudice.  Within fourteen days of Randolph serving her amended complaint, Congress Collection must file either an answer or a renewed motion to dismiss.

    SO ORDERED.

Dated: February 3, 2021                                       s/Mark A. Goldsmith
    Detroit, Michigan                                MARK A. GOLDSMITH
                                                                                   United States District Judge